288 F.2d 462
 Louise J. O'LEARY, James Michael O'Leary, Robert Louis
O'Leary, and Richard Douglas O'Leary, Minors, by
their Guardian ad Litem, Louise J.
O'Leary, Appellant,
v.
JAMES & WUNDERLICH, Guy H. James Construction Company and
Wunderlich Contracting Company, Appellees.
Louise J. O'LEARY, Executrix of the Estate of Michael D.
O'Leary, deceased, Appellant,
v.
JAMES & WUNDERLICH et al., Appellees.
 No. 16904.
 United States Court of Appeals Ninth Circuit.
 Feb. 24, 1961.
 
 Franklin S. Longan, Calvin A. Calton, Franklin A. Lamb, Billings, Mont., for appellant.
 Orin R. Cure, Hoffman & Cure, Great Falls, Mont., for appellees.
 Before HAMLEY, HAMLIN and MERRILL, Circuit Judges.
 PER CURIAM.
 
 
 1
 In these two actions, consolidated for trial and appeal, damages were sought for the illness and death of Michael D. O'Leary, alleged to have resulted from the inhalation and absorption of noxious fumes. The fumes were inhaled and absorbed, it was alleged, while O'Leary was spray-painting the radial gates on the spillway section of Tiber Dam near Chester, Montana. The painting was being done in connection with the construction of the dam for the United States Bureau of Reclamation.
 
 
 2
 The plaintiff in both actions is Louise J. O'Leary, who sued as widow, guardian of the minor children, and executrix of the estate of Michael D. O'Leary. The original defendants were James & Wunderlich, a joint venture which was the general contractor for the construction of the dam, and the two parties to the joint venture, Guy H. James Construction Company and Wunderlich Contracting Company.
 
 
 3
 During the presentation of plaintiff's case it was shown that prior to the commencement of the suits the joint venture had been dissolved and its assets had been distributed to the parties thereto. James & Wunderlich was accordingly dismissed from the case at the close of plaintiff's evidence. Defendants Guy H. James Construction Company and Wumderlich contracting Company are therefore accountable for any liability incurred by James & Wunderlich with respect to the illness and death of O'Leary.
 
 
 4
 The radical gates were installed by Hakes Erection Company undera subcontract with James & Wunderlich. O'Leary was either an employee of Hakes or a subcontractor under Hakes for the painting of the radial gates. The vinyl resin paint used by O'Leary was furnished by James & Wunderlich after being tested by the Bureau of Reclamation.
 
 
 5
 The case was tried to a jury. Evidence was received which would have supported a jury finding thta the paint contained benzene or benzol derivatives of a poisonous character. The evidence would also have supported a finding that O'Leary died of aplastic anemia as the result of benzene poisoning. Plaintiff predicated liability on alternative theories. One was that O'Leary was a 'third party' within the meaning of the rule applied in Ulmen v. Schwieger, 92 Mont. 331, 12 P.2d 856. It was held in that case that a prime contractor had a nondelegable duty to protect third parties with respect to dangerous or hazardous work.
 
 
 6
 Plaintiff's second theory was that O'Leary was under the supervision and control of James & Wunderlich within the meaning of the rule applied in Halecki v. United New York & New Jersey Sandy Hook Pilots Ass'n, 2 Cir., 251 F.2d 708, reversed on other grounds, 358 U.S. 613, 79 S.Ct. 517, 3 L.Ed.2d 541. In Halecki the owner of a vessel contracted to have the ship overhauled and repaired, and retained control over the method and manner by which the independent contractor performed its work. Halecki, the employee of a subcontractor, died as a result of inhaling carbon tetrachloride while cleaning the ship's generators within the confined spaces of the engine room. It was held that the question of the owner's liability was for the jury.
 
 
 7
 In the instant case the jury was unable to reach a verdict and was discharged. Pursuant to rule 50(b), Federal Rules of Civil Procedure, 28 U.S.C.A., defendants thereupon moved for judgment in accordance with their motion for a directed verdict made at the close of all the evidence. The motion was granted and judgment was entered for defendants. Plaintiff appeals.
 
 
 8
 For the reasons stated in the opinion of the district court, reported in 192 F.Supp. 462, we do not believe that a jury question was presented under either theory.
 
 
 9
 Affirmed.